[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband commenced this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown by writ and complaint returnable August 24, 1993. He also sought joint custody of the parties' minor children and other relief as on file. The defendant wife, in her answer, admitted the allegations of the complaint; she filed a cross complaint alleging the breakdown of the marriage on the ground of irretrievable breakdown. She also sought a dissolution of the marriage, joint custody of the minor children, and other relief as on file.
Each party appeared at trial with counsel, and filed financial affidavits. A child support guidelines work sheet and proposed orders were also filed. They entered into a written agreement which divided their personal property and provided for CT Page 12841 joint legal custody of their minor children, with primary residence in the wife, and reasonable and liberal rights of visitation to the husband. In it, they also agreed to waive alimony and the wife waived any claim to the husband's unvested military pension. The parties joined in requesting the court to approve the agreement as fair and equitable.
The parties remained at issue with respect to child support and responsibility for medical expenses for the children, a property settlement and attorney's fees.
Each party testified, and counsel made oral arguments.
From the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Lisa Rector, intermarried at Vernon, Alabama, on June 19, 1981. The plaintiff has resided continuously in this state one year next before the date of this complaint. The marriage between the plaintiff and the defendant has broken down irretrievably.
The plaintiff and the defendant have two minor children issue of the marriage: Corey A. Dubose, born October 7, 1983; and Matthew V. Dubose, born May 14, 1985.
No other minor children have been born to the defendant wife since the date of the marriage of the parties.
Neither party to this action is receiving assistance from any state or local agency.
All statutory stays have expired, and the court has jurisdiction.
The husband is a high school graduate, 31 years old, and is a petty officer first class in the U.S. Coast Guard (Rank E-6). He is now stationed in Key West, Florida. His entitlements will decrease upon the entry of the dissolution. The court finds his net income then will be $350 per week.
The wife is also 31 years of age, a high school graduate and works two jobs, one as a part-time secretary, the other as a temporary office worker, on average about 20 hours per week, and earns $140 per week gross, $130 per week net. CT Page 12842
The parties separated in August, 1993, shortly after the husband found the wife with a male friend in a `compromising' position. The wife claimed that the husband was domineering and verbally abusive to her and the children. Shortly after the separation, she moved in with another male, and now shares expenses with him; they live together as man and wife. Her companion provides her with unrestricted use of an automobile. I conclude from the parties' testimony and credibility that the wife must bear a greater share of the blame for the destruction of the parties' marriage, which is irretrievably broken down.
The major dispute which divided the parties involved the amount of child support. The child support guidelines suggest $132 per week for the two minor children. The wife asserts that as the husband has minimal food and shelter expenses because of his military employment, he should pay $139 per week. On the other hand, the husband argues that because of the geographical distance between him and the children, he will have significant visitation expenses. He urges that this is a basis for deviation from the guidelines and proposes he pay $102 per week.
The parties have minimal assets. They were recently discharged in voluntary bankruptcy. The wife received the household furnishings. The husband retained his truck and motorcycle, which are encumbered by an auto loan or loans costing him $72 per week.
The expenses shown on the wife's financial affidavit are modest, and it is evident she could not make ends meet without her companion contributing to the household expenses. If the total amount of her weekly expenses are credited, a child support order in accord with the guidelines would place her at a break even point.
The husband's basic shelter, food and clothing expenses are minimal. If one of his vehicles and loans were disposed of, he should have no difficulty meeting the child support obligation suggested by the guidelines. I reject his proposal that he pay $30 per week less than the guidelines recommend. This would result in the wife and children subsidizing 75 percent of the estimated visitation transportation expenses.
I have examined the agreement submitted by the parties, in the light of the evidence, and the criteria in General Statutes §§ 46b-62, 46b-81, 46b-82 and 46b-84. I have also CT Page 12843 considered the earnings of the parties and the wife's failure to more fully exploit her earning capacity, and the taxable consequences of the orders set forth below. I find, under all of the circumstances, that the agreement, with some modifications, is fair and equitable and the court accepts and approves it and it shall become part of the file.
Judgment may enter dissolving the marriage on the ground of irretrievable breakdown.
Joint custody of the minor children is awarded to the parties, their primary residence to be with the mother, and rights of visitation with the father shall be as set forth in the agreement.
The provisions relating to consultation, access to children's records and notification shall be included in the decree.
The parents are ordered to participate in the Parenting Education Program, No. 93-319 of the 1993 Public Acts.
The plaintiff husband shall pay to the wife the sum of $132 per week total as child support for both children, to be secured by immediate allotment or wage garnishment as applicable. The parties shall be obligated to support the children until age 19 or graduation from high school pursuant to No. 94-61 of the 1994 Public Acts.
The plaintiff shall maintain the children on his job-related health insurance, and each party shall pay one half of the unreimbursed or uncovered health and medical bills, including dental, for the children. The plaintiff shall pay the deductible. An order pursuant to General Statutes § 46b-84(c) shall enter.
Neither party shall pay alimony to the other.
The plaintiff shall take, have and own the tangible and intangible personal property shown on his affidavit, pay the loans thereon and save the defendant harmless.
The defendant shall take, have and own the tangible and intangible personal property shown on her affidavit. CT Page 12844
The plaintiff shall take and have the dependency exemptions for both children for income tax purposes, commencing with the calendar year 1994, and in each year thereafter, provided he is current in his child support as of the end of such year; provided, in any year in which the wife earns $16,000 or more in gross income, she may take one child exemption. When the older child reaches age 19, the parties shall alternate such exemption, provided the wife earns at least $16,000 in the year assigned to her.
Each party shall be responsible for his or her attorney's fees.
The wife shall forthwith return to the husband her military ID card.
The husband shall pay the wife within sixty (60) days hereof, the sum of $75 representing one half of the dentist's bill shown on her financial affidavit.
The plaintiff shall irrevocably designate the minor children as equal beneficiaries of his military life insurance policy until the oldest reaches age 19; after which the younger child shall be the sole beneficiary until he reaches age 19.
The plaintiff shall execute and deliver a written authorization to the wife so that she may from time to time determine the status and good standing of said policy.
The wife's birth name of Rector is restored to her.
Teller, J.